**FILED**
**FEBRUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES V. MURDOCK, Jr. ) | | |
|     Plaintiff ) | | **08 C 1142** |
| ) | | |
| v. ) | | |
| ) | | |
| ROGER E. WALKER, Director of ) | No. | **JUDGE MANNING** |
| Illinois Department of Corrections, ) | | **MAGISTRATE JUDGE MASON** |
| JESSE MONTGOMERY, Deputy ) | | |
| Director of Parole Operations, and ) | | |
| JORGE MONTES, Chairman Illinois ) | | |
| Prisoner Review Board, ) | | |
|     Defendants. ) | | |

## COMPLAINT

The Plaintiff, James V. Murdock, Jr., through his attorneys, Thomas Peters, Gil Sapir, and Kevin Peters, states as follows:

### COUNT I

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Murdock is a citizen of the United States and an Illinois parolee who currently is in custody at the Illinois River Correctional Center.

2. Defendant Walker is the Director of the Illinois Department of Corrections (hereafter IDOC). In that capacity, Walker sets the policies and practices relating to

1

Illinois parolees and, in particular, he established and enforces IDOC's guidelines with respect to the release of sex offenders. Walker is sued in his individual and his official capacity.

3. Defendant Montgomery is the Deputy Director of Parole for the Illinois Department of Corrections. In that capacity, he implements the policies of Defendant Walker and trains other IDOC employees in accordance with those policies and practices. Montgomery is sued in his individual and his official capacities.

4. Defendant Montes is the Chairman of the Illinois Prisoner Review Board (PRB) and in that capacity he sets the policies of the Illinois Prisoner Review Board. He is sued in his official capacity.

5. All of the acts and omissions alleged in this complaint were made under color of state law.

6. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiffs' constitutional rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment.

7. All of the Defendants maintain offices and do business in or near Chicago, Illinois, and the site for all of the preliminary parole revocation hearings is within this District.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 2201.

## COMMON FACTS

9. Inmates classified as "sexual offenders " by the Illinois Department of Corrections (IDOC) are released on mandatory supervised release ( parole) either by the Illinois Prisoner Review Board following a parole release hearing or by statutory mandate.

10. Before being released a "sex offender" must submit a host site (residence) and his parole plans must be approved by the Prisoner Review Board.

11. In the case of c-number of inmates such as Plaintiff who have indeterminate sentences, the PRB holds hearings, usually annually, to decide when and under what circumstances the "sex offender" may be released. Once the PRB orders the release on parole, the inmate has a protected liberty interest.

12. In many cases, however, Defendants Walker and Montgomery, refuse to release the "sex offender" and instead charge him with a parole violation based on an alleged failure to have an approved host site.

13. In most cases the paroled inmate is literally walked to the front gate, as if he were about to be released, and then handed a notice of the alleged host site violation.

14. After being charged with that parole violation, the parolee is placed in punitive segregation and often is transferred to another prison. As a result, the paroled inmate is denied access to family and to counsel and is held under conditions that are significantly harsher than inmates who are in general population status.

15. Defendants are aware of this "turn around" practice and have knowingly caused hundreds of eligible parolees to remain in IDOC pending parole violation hearings for the alleged offense of not having an approved host site.

16. Defendants do not provide the inmate with meaningful advance notice that the host site that was approved by the PRB was rejected by IDOC. Nor do Defendants provide inmates with the opportunity or the means to correct any perceived deficiency in the host site.

17. In most cases the host site is a family member or friend of the parolee because the parolee does not have sufficient funds to either a) locate independent living sites or b) rent an apartment independent of family or friends. Lack of funds is by far the most common reason paroled inmates are not able to secure a host site that IDOC will approve.

18. After an inmate who was scheduled by the PRB for release is denied release by IDOC, a parole hearing revocation is scheduled for the alleged host site violation. When the revocation hearing finally is held, the PRB finds that no violation has occurred and the inmate is again scheduled for release.

19. At that point the "turn around" policy is retriggered and Defendants Walker and Montgomery again deny release and refile the same host site violation that the PRB had already heard and denied. The parolee again is placed in punitive segregation, usually is transferred to a new facility, and the whole process begins anew.

20. As a result, the paroled inmate is denied his constitutional right to release as

approved by the PRB and the IDOC incurs substantial, unnecessary costs for the continued incarceration of the paroled inmates. The cost of re-incarceration substantially exceeds the cost of parole supervisor, even if the IDOC had to temporarily rent a suitable location for the "sex offender."

### FACTUAL BACKGROUND - JAMES V. MURDDOCK, JR.

21. In January 1967, Plaintiff was convicted of deviate sexual assault and sentenced to a term of 40 to 120 years incarceration. He became eligible for release on parole after serving approximately twelve years, and had regular parole releasing hearings for the next seventeen years.

22. After serving 29 years, Plaintiff was paroled by order of the PRB on or about April 12, 2004, to an approved location.

23. Plaintiff's release was predicated upon home confinement, electronic monitoring, weekly sex counseling, and participation in educational programs for sex offenders.

24. Following his release on parole, Plaintiff was assigned a parole agent in Cook County, Illinois, and Plaintiff complied with all of the conditions of his parole for the next year.

25. On or about April 11, 2005, Plaintiff was returned to IDOC because his granddaughter moved into the host site where Plaintiff had resided. Since his granddaughter was a minor, Plaintiff was no longer allowed to live in the previously

5

approved host site.

26. Plaintiff was charged by his parole agent with violating his parole in that Plaintiff no longer had an approved host site.

27. Plaintiff was not given an opportunity to secure a different host site following the day on which his granddaughter moved into the residence where Plaintiff had lived, without incident, during the previous year.

28. Plaintiff could have located and rented an acceptable host site but he lacked sufficient financial resources to find one and was not given a reasonable opportunity to locate new housing.

29. On or about May 10, 2005, the Prisoner Review Board determined that Plaintiff had not violated his parole because he was at all times willing to live at another host site.

30. Following the PRB's decision, finding no parole violation, Plaintiff was walked to the front gate of the IDOC facility where he was being held. However when he reached the front gate of the IDOC facility, he again was charged with a parole violation - not having a suitable host site - and again placed in segregation.

31. After several days he was released from segregation and another parole revocation hearing was scheduled.

32. When Plaintiff finally had this parole revocation hearing, the PRB again found "no violation" and again ordered his release. Defendants, Walker and Montgomery,

nonetheless refused to release Plaintiff and Plaintiff was charged with the same host site violation the PRB had already rejected.

33. This scenario was repeated on each of the following dates: June 1, 2005; June 29, 2005; August 25, 2005; October 28, 2005; November 22, 2005; and July 25, 2006.

34. As a result of Defendants' (Walker and Montgomery) policy or practice, Plaintiff remained in custody from May 2005, until March, 28, 2007, even though the PRB had ordered his release on numerous occasions.

35. On or about March 28, 2007, Plaintiff was again approved for parole with electronic monitoring. This time Plaintiff was released to 12233 S. Sangamon, Chicago, Illinois.

36. From March 28, 2007, until January 26, 2008, Plaintiff remained on parole and resided at that location without incident. Plaintiff complied with all of the conditions of his parole and had adjusted well to living on his own in Chicago.

37. On or about January 26, 2008, a fire occurred at Plaintiff's host site, and Plaintiff promptly reported the fire to his parole officer. The parole officer determined the host site was not habitable so Plaintiff offered to move into another residences or a hotel to comply with conditions of his parole.

38. The parole officer alleged that alternative host sites were not acceptable and took Plaintiff into custody on or about January 26, 2008. Plaintiff is currently in custody of the IDOC charged with violating his parole in that he allegedly does not have a suitable

7

host site.

39. It is, and was, at all relevant times, the policy and practice of Defendants, Walker and Montgomery, to violate directives from the Prisoner Review Board releasing parolees.

40. As a direct result of that policy of Defendants Walker and Montgomery, Plaintiff is in IDOC custody in violation of his rights to due process of law and to the equal protection of the law.

WHEREFORE, Plaintiff Murdock requests the Court will a) issue a preliminary injunction barring Defendants from continuing their policy of refusing to release parolees; b) permanently enjoining Defendants from continuing their polices and practices as alleged herein; and c) award costs and attorney's fees.

                                                    Respectfully Submitted,

                                                    S/ Thomas Peters  
                                                    THOMAS PETERS  
                                                    GIL SAPIR  
                                                    KEVIN PETERS  
                                                    ATTORNEYS FOR PLAINTIFF  
                                                    407 S. Dearborn, Suite 1675  
                                                    Chicago, IL 60605  
                                                    Tele. (312) 697-0022