IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES V. MURDOCK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08 C 1142 |
| | ) | The Honorable Blanche M. Manning |
| ROGER E. WALKER, et al., | ) | |
| | ) | Magistrate Judge Michael Mason |
| Defendants. | ) | |

**MOTION TO DISMISS**

NOW COME the Defendants, ROGER E. WALKER, JR., The Director of the Illinois Department of Corrections, JESSE MONTGOMERY, Deputy Director of the Illinois Department of Corrections for Parole Operations, and JORGE MONTES, Chairman of the Illinois Prisoner Review Board, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and move this Honorable Court to dismiss this action with prejudice. In support thereof, the Defendants state as follows:

**INTRODUCTION**

This action is brought by James V. Murdock, Jr., (hereinafter "Plaintiff"), individually pursuant to 42 U.S.C., section 1983. Plaintiff was convicted of multiple offenses including deviate sexual assault and aggravated battery, and has been in custody since February, 1969. Briefly, the plaintiff claims that there are policies in place that result in him being paroled by the Prisoner Review Board and then turned around at the correctional facility gate because he has no appropriate host site.[1] Plaintiff was, however paroled on March 25, 2008, and remains on parole as of the filing

---

[1] As a sex offender, Plaintiff is required by statute (730 ILCS 5/3-3-6) to have a host site in which he is able to be hooked up to an electronic monitoring system, and which satisfies other requirements set by statute.

of this motion.² He alleges that his re-incarceration was in violation of his Fourteenth Amendment due process and equal protection rights. Plaintiff seeks injunctive relief preventing the Department of Corrections from returning parolees to custody when they have no appropriate host site.

The Plaintiff names among the foregoing officials of the Illinois Department of Corrections (hereinafter "IDOC") as defendants. Roger Walker is the Director the Illinois Department of Corrections. Jesse Montgomery is the Deputy Director of the Illinois Department of Corrections, Parole Division. Jorge Montes is the Chairman of the Prisoner Review Board. The Defendants claim that prevailing law requires that Plaintiff's claims against them be dismissed with prejudice because Chairman Montes is protected by judicial immunity, because plaintiff has been returned to parole and his complaint is consequently moot, and because Plaintiff has failed to state a cause of action upon which relief can be granted.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court may dismiss a complaint for failure to state a claim only if " it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984); *See also Conley v, Gibson*, 355 U.S. 41, 45-6 (1957).

The Court must accept as true all well-pleaded factual allegations and draw all reasonable

---

²On a motion to dismiss, the Court can take judicial notice of matters of public record. *Palay v. U.S.*, 349 F.3d 418, 425 n.5 (7th Cir. 2003); *4901 Corp. v. Town of Cicero,* 220 F.3d 522, 527 n.4 (7th Cir. 2000). The IDOC web site page for Plaintiff, attached hereto as Exhibit A, is a matter of public record, consequently the court may consider it without converting this to a Rule 56 Motion for Summary Judgment.

inferences in favor of the plaintiff. *Chancey v. Suburban Bus Div. of Regional Transp. Authority*, 52 F. 3d 623, 626-7 (7th Cir. 1995)(citations omitted). However, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). Similarly, this Court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991), cert. den. 502 U.S. 903(1991). The complaint must however, state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. *Glatt v. City of Chicago Park District*, 847 F. Supp. 101, 103 (N.D. Ill. 1994).

Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Tamayo v. Hamer*, 2007 U.S. LEXIS 38962 (May 30, 2007) citing *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 2007 U.S. LEXIS 5901 *20-*21 (May 21, 2007), citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**ANALYSIS**

    **I.**    **Chairman Montes is Entitled to Judicial Immunity**

Judges have long had absolute immunity for their judicial acts, unless taken in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S 349 (1978). Absolute judicial immunity protects not just judges in courts, but also those deemed to be functionally equivalent to judges in the administrative process. *Butz v. Economou*, 438 U.S. 478, 513 (1978) (protecting extending immunity to administrative law judges). Thus, the Seventh Circuit has afforded absolute immunity

3

to members of the Illinois State Board of Elections for their adjudicative decisions applying the Election Code. *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517 (7th Cir. 2001). Members of the Illinois Prisoners Review Board were found to be absolutely immune for decisions relating to parole. *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996). In *Wilson*, the allegations, remarkably similar to the one in our case, are that the inmate failed to receive due process because he had no prior notice he was facing a revocation hearing and had no opportunity to present witnesses. *Wilson*, 86 F.3d at 1441. The Seventh Circuit had no trouble concluding that despite the procedural errors, the Prisoner Review Board members were absolutely immune:

> ...[T]he board members merit absolute immunity for their failure to provide Wilson an opportunity to present evidence and witnesses. Similarly, the board members are protected from suit for not providing Wilson sufficient notice of the final revocation hearing. And with respect to the conduct of the hearing itself, the board members are protected from Brown's alleged failure to adequately identify the final revocation hearing to Wilson.... The alleged deficiency in the board's written decision is also not amenable to an action for damages, given that it is the product of the quasi-judicial process.

*Id*. at 1445. See also, *Crenshaw v. Baynerd*, 180 F.3d 866 (7th Cir. 1999) (members of Indiana Civil Rights Commission absolutely immune).

Further, 42 U.S.C. §1983 was amended in 1996 to provide "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Smith v. City of Hammond, Indiana*, 388 F.3d 304 (7th Cir. 2004) citing Federal *Courts Improvement Act of 1996*, Pub L. No. 104-317, §309(c), 110 Stat. 3847, 3853. Under *Wilson*, decisions involving parole matters are judicial in nature, and the exception involving declaratory relief is unavailable in the matter at hand.

The Court in *Tobin* discussed the protection of absolute immunity as an immunity "from suit," not just from damages. Like its cousin, qualified immunity, claims of absolute immunity should be decided at the earliest practicable time in a case to avoid putting the public official through the expense of discovery and trial. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *May v. Sheahan*, 226 F.3d 876, 880-82 (7th Cir. 2000). Denial of a claim of absolute or qualified immunity is immediately appealable. *Siegert*, 500 U.S. at 232

The immunity applies regardless of the existence of "grave procedural errors," *Stump*, 435 U.S. at 359, and even if the judicial officer acts maliciously or in excess of his or her authority. *Tobin for Governor*, 268 F.3d at 524. See also *Wang*, 55 F3d at 702 (1st Cir. 1995) ("even assuming a level of malice and bad faith sufficient to poison the New Hampshire Board proceedings").

Plaintiff's complaint alleges no bad, punitive or malicious act justifying the relaxation of judicial immunity in the present case. He merely alleges in his complaint that the Prisoner Review Board paroled Plaintiff on several occasions. (See Plaintiff's complaint ¶¶16, 18-20, 29-30, 32, and 39-40). As the Prisoner Review Board's decisions regarding the grant of parole are quasi-judicial under *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996), the PRB and Chairman Montes are entitled to judicial immunity from suit. Further, the actions alleged of the PRB in the complaint were to consistently grant Plaintiff parole. So, the quasi-judicial decisions of the PRB while protected by judicial immunity, also worked to Plaintiff's benefit. Consequently, Plaintiff's complaint as to Chairman Montes must be dismissed with prejudice.

### II.     Plaintiff Fails to State A Claim Upon Which Relief Can be Granted

### A.     Plaintiff Alleges no Personal involvement by Chairman Montes or the Prisoner Review Board in any Alleged Constitutional Violation.

Plaintiff's complaint does not specify what action taken by Chairman Montes or the Prisoner Review Board could have violated Plaintiff's Fourteenth Amendment rights. (See Plaintiff's complaint). In fact, the complaint states in several places that the Prisoner Review Board ordered Plaintiff to be released. (See Plaintiff's complaint ¶¶16, 18-20, 29-30, 32) Plaintiff's complaint also alleges that *IDOC* violated "directives of the Prisoner Review Board" and that "Plaintiff is in custody of IDOC in violation of his rights to due process of law and to the equal protection of the law." Plaintiff's complaint, ¶¶39 and 40. No where in the complaint does Plaintiff allege an action or inaction on behalf of Defendant Montes or the Prisoner Review Board that was taken in violation of Plaintiff's Fourteenth Amendment rights.

While the Supreme Court has authorized suits against State actors in their official capacities when Plaintiffs seek to enjoin allegedly unconstitutional actions, (see *Ex Parte Young*, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the exception is inapplicable in the present case because the only allegations against the Prisoner Review Board are that it consistently voted to release Plaintiff on parole. Plaintiff alleges on behalf of the Prisoner Review Board a general connection to what he calls "turn around practice" (IDOC keeping parolees in custody for lacking an approved host site (See Plaintiff's complaint, ¶16)). He then alleges no participation in the policy, rather that the PRB decided to return Plaintiff to parole (See Plaintiff's complaint  ¶¶16, 18-20, 29-30, 32, 39 and 40), and further that IDOC violated the PRB's "directives" to release Plaintiff to parole. (See Plaintiff's

complaint, ¶39).  Under *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 2007 U.S. LEXIS 5901 *20-*21 (May 21, 2007) it is insufficient to state a violation as a conclusion without laying out the elements of the alleged violation.  It is further insufficient to make or use mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Tamayo v. Hamer*, 2007 U.S. LEXIS 38962 (May 30, 2007).

Defendant Prisoner Review Board is, in short, not alleged to have any specific connection to prior negative action toward Plaintiff that could be perceived as a constitutional violation.  As such, there is no reason to believe that it would do so in the future.  Consequently, Plaintiff's complaint as to Chairman Montes and the PRB does not adequately state a claim requiring injunctive relief and should be dismissed in its entirety.

      **B.**     **As Plaintiff has been Released on Parole, his Complaint is Moot**

In order to invoke the jurisdiction of the federal court, there must be a live case or controversy, a constitutional requirement of Article III.  Judicial powers may be exercised only on the basis of a constitutional violation. *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 91 S.Ct. 1267, 1276 (1971); *Al-Alamin v. Gramley*, 926 F. 2d 680 (7th Cir. 1991).  When seeking injunctive or declaratory relief, a plaintiff must establish that he is in "immediate danger of sustaining some direct injury." *Feit v. Ward,* 886 F.2d 848, 857 (7th Cir. 1989).   When there is no violation or no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers. *Green v. Mansour*, 474 U.S. 64, 71, 106 S.Ct. 423, 427, 88 L.Ed.2d 371 (1985).

A plaintiff must demonstrate an ongoing injury or a threat of future injury.  Absent such a showing, Plaintiff cannot satisfy the "case or controversy" requirement of Article III.  *Golden v. Zwickler*, 394 U.S. 103, 109 (1969).  As the Supreme Court explained in *O'Shea v. Littelton*, 414

U.S. 488, 495-96 (1974), "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." Defendants do not mean to imply any agreement with Plaintiff's contention in this matter that they were in any way constitutionally deficient in the past, but emphasize that in the absence of an ongoing constitutional violation, there can be no ground that would justify the entry of any preliminary or permanent injunctive relief against the defendants.

Since the filing of Plaintiff's complaint, Plaintiff has been paroled. (See Plaintiff's IDOC web page, indicating that he was paroled on March 25, 2008, Exhibit A). As he has been on parole for almost ninety days, as of the filing of this motion, there is no case and controversy before the court. The procedures in place to govern the conditional freedom provided by the parole system have been employed, and Plaintiff is again living outside of the confines of IDOC.

Courts have held that if a Plaintiff's claims have been mooted by subsequent events, such as Plaintiff's parole as of March 25, 2008, their claims for injunctive and declaratory relief can survive, if the dispute is capable of repetition but evading review. *Holmes v. Fisher*, 854 F.2d 229, (7th Cir. 1988). However, the Seventh Circuit has also held that the "capable of repetition but evading review" doctrine applies solely in those cases in which plaintiffs can reasonably show that they will be subject to the same illegality. *Robinson v. City of Chicago*, citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 75 L.Ed.2d 675, 103 S.Ct. 1660 (1983) and *Tucker v. Phyfer*, 819 F.2d 1030, 1034 and 1035 (11th Cir. 1987).

Plaintiff would have to show that Defendants' act of returning him to custody when he was in a position of not having an appropriate host site to live in where he could be electronically

monitored (such requirement being a statutory requirement of being released and remaining on parole) was illegal, which he cannot do. Consequently, Plaintiff's complaint should be dismissed.

To the extent that the relief sought is a preliminary injunction, the purpose of such relief is preservation of the status quo. *Platinum Home Mortgage v. Platinum Financial Group*, 149 F3d 722, 726 (1998) and see *Youngblood v. Wilson*, 2008 WL 215739 (N.D. Ind). The status quo is that Plaintiff remains released on parole. Consequently, there is no action necessary by the court.

The status quo is not in jeopardy of changing. (See foregoing). Unless the Plaintiff provides sufficient evidence that there is a reasonable likelihood that the IDOC is seeking to disturb the status quo and return Plaintiff to an IDOC facility, in some way violative of his rights, the court cannot perform its duties under 18 U.S.C. 3626 to determine the least restrictive means of maintaining the status quo, or even whether the status quo is threatened. *See Villareal v. Walker*, 2007 WL 1280591 (C.D. Ill). As Plaintiff has been released on parole, his complaint is moot and should be dismissed.

    **C.**    **Plaintiff Fails to State a Claim for Due Process Violation.**

A parolee does not enjoy "the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972). Because of the conditional nature of their liberty, parolees are subjected to greater scrutiny by state parole officials and do not enjoy the full range of constitutional protections accorded free citizens. *Faheem-El v. Klincar*, 841 F.2d 712, 720 (7th Cir. 1988) (en banc); *Senger v. Jordan*, 1989 WL 36225, *2 (N.D. Ill. 1989). The Seventh Circuit has held that because parolees enjoy conditional liberty, subject to the observance of special parole restrictions, that probable cause is not the standard to be used in determining if seizure and

incarceration are justified. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). Instead, the court held that reasonable suspicion satisfies the Fourth Amendment standard. *Id*.

Plaintiff pleads that he was not released on parole because he did not have an approved host site where he could be hooked up to electronic monitoring. (See Plaintiff's complaint). He also pleads that IDOC either kept him in custody or returned him to custody on the occasions when his approved host site either became unsuitable (when his granddaughter moved in) or uninhabitable (when there was a fire in his host site). *Id*. at ¶¶25-27 and 37-38. Having an approved host site with electronic monitoring is a condition of Plaintiff's parole. (See Parole Board Order Attached as Exhibit B and see Footnote 2)**.**

The 7th Circuit has held that, "As this Court has noted in the past, 'a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts...Allegations in a complaint are binding admissions...and admissions can of course admit the admitter to the exit from the federal courthouse.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997), citing *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995). Plaintiff pleads that his release was predicated on home confinement, electronic monitoring, and various other conditions set by the Prisoner Review Board. (See Plaintiff's complaint ¶23) He further pleads that on the two occasions complained of, his host site was no longer appropriate. (See Plaintiff's complaint, ¶¶25-26 and 37-38). As he no longer had an approved host site he was returned to custody for a parole violation.[3] As Plaintiff has not adequately pled a due process violation, rather that the Defendants followed the law and revoked Plaintiff's parole for a violation of his conditions of parole, Plaintiff's complaint should be dismissed with prejudice.

---

[3]Plaintiff is presently on parole. See Section D, below.

     **D.**     **Plaintiff Fails to State a Claim that his Rights to Equal Protection have been Violated.**

Plaintiff alleges a violation of his equal protection rights generally but states no facts that establish the *prima facie* case for such a violation. The equal protection clause does not prohibit uneven or unfair treatment or discipline. *Heubschen v. Dep't of Health and Social Serv.* 716 F.2d 1167, 1171 (7th Cir. 1983). Rather, to satisfy an equal protection claim, Plaintiff must show (1) that he is a member of a protected class; (2) that he is otherwise similarly situated to members of the unprotected class; and (3) that he was intentionally treated differently from members of the unprotected class. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993)(*citing McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Although the equal protection clause requires similarly situated persons be treated the same, "it 'does not require things which are different in fact or opinion to be treated in law as though they were the same.'" *Varner v. Monohan*, 460 F.3d 861, 865 (7th Cir. 2006) (*quoting Plyler v. Doe*, 457 U.S. 202, 216 (1982) (internal quotations omitted)).

     The Seventh Circuit has interpreted *Twombly* as meaning, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Tamayo v. Hamer*, 2007 U.S. LEXIS 38962 (May 30, 2007) citing *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 2007 U.S. LEXIS 5901 *20-*21 (May 21, 2007), citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Plaintiff states no facts amounting to an equal protection violation, but merely states an equal protection violation as a conclusion.

Here, Plaintiff cannot meet the requirements necessary to establish an equal protection claim. In order to establish that state action or legislation violates the Equal Protection Clause a two step process must be employed. *Faheem-el v. Klincar*, 841 F.2d 712, 727 (7th Cir. 1988). It must be determined whether the state action infringes on a fundamental right and whether it discriminates on the basis of a suspect category. *Id*. When there is no claim of a fundamental right or a suspect class, the rational basis test applies. *Heller v. Doe*, 509 U.S. 312, 320 (1993). Here, not releasing parolees who have no approved host site allowing for the parolee to be hooked up to electronic monitoring pursuant to statutory requirement (730 ILCS 5/3-3-6) bears a rational relation to the legitimate governmental interest of acting in furtherance of public safety. As the Defendants acted in furtherance of a legitimate governmental interest, Plaintiff can state no violation of the Equal Protection Clause and Plaintiff's Equal Protection Complaint must be dismissed.

WHEREFORE, based on the foregoing, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants move this honorable Court to dismiss Plaintiff's complaint against Defendants with prejudice as Plaintiff has failed to state any cause of action rising to the level of a Constitutional violation against them.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: s/Andrew W. Lambertson
ANDREW W. LAMBERTSON
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, IL 60601
312/814-1187