**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____
_____

| | | |
|---|---|---|
| **JAMES V. MURDOCK, Jr.** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROGER E. WALKER, Director of** | ) | **No. 08 CV 1142** |
| **Illinois Department of Corrections,** | ) | |
| **JESSE MONTGOMERY, Deputy** | ) | |
| **Director of Parole Operations, and** | ) | **Honorable Blanche Manning,** |
| **JORGE MONTES, Chairman Illinois** | ) | **Presiding** |
| **Prisoner Review Board,** | ) | |
| **Defendants.** | ) | |

_____
_____

### MOTION FOR EXTENSION OF TIME

Plaintiff, James V. Murdock, Jr., through his attorneys, Thomas Peters, Gil Sapir, and Kevin Peters, states as follows:

1.   Plaintiff filed this case on February 25, 2008, ( Doc. No. 1) and after a couple of extensions of time Respondents filed a Motion to Dismiss on June 16, 2008.( Doc. No. 17)              .

2.    Respondents' motion raises a number of issues but one is a challenge to Plaintiff's standing.  According to Defendants, Plaintiff Murdock cannot represent inmates who are incarcerated since he was released from custody, albeit after the case was

1

filed..

3.  Plaintiff Murdock believes he has standing based on the relation back doctrine as applied to cases that are "capable of repetition yet evade review." *Olmstead v. L.C.*, 527 U.S. 581,594, 144 L.Ed.2d 540 (1999); *Honig v. Doe*, 484 U.S. 305, 318, 98 L.Ed.2d 686( 1988) However, Plaintiff's counsel has been contacted by at least four other inmates who have been subjected to the same allegedly unconstitutional policy as was applied to Plaintiff Murdock.

4.  Since these four inmates are incarcerated, they would have standing even if the Court were to agree with Defendants as to Plaintiff Murdock's standing to seek an injunction.

5.  Plaintiff's counsel has investigated the facts and circumstances of the four new class representatives and counsel believes their claims have merit.  However, counsel needs to secure contracts from the four new putative class representatives and there are some important details of their cases that remain to be confirmed.

6.  Rather than proceed with briefing the current motion to dismiss and then, if granted in part based on the standing issue, ask for leave to amend to include new class representatives ( See *Phillips v. Ford Motor Co.*, 435 F.3d 785,787 (7th Cir. 2006); *Gates v. Towery*, 430 F.3d 429, 430 (7th Cir. 2005) - holding that substitution of new class representatives should be allowed), Plaintiff respectfully suggests that the better, more efficient, process is to allow Plaintiff 30 days to file an amended complaint.

2

7.  The requested relief will not prejudice Defendant and it is consistent with the

general rule favoring timely amendment ( F.R.Civ. P 15(a) ) so that cases are decided on

their merits rather than on technical, but remediable, deficiencies.

Wherefore, Plaintiff prays the Court will grant him to an including August 15,

2008, to file an Amended Complaint.

Respectfully Submitted,

S/ Thomas Peters
THOMAS PETERS
GIL SAPIR
KEVIN PETERS
ATTORNEYS FOR PLAINTIFF
407 S. Dearborn, Suite 1675
Chicago, IL 60605
Tele. (312) 697-0022