# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1142 | **DATE** | April 30, 2009 |
| **CASE TITLE** | *Murdock v. Walker* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss [43-1] is granted in part and denied in part as follows: the claims against defendants Roger Walker, Jesse Montgomery, and James Reinhart in their individual capacities are dismissed without prejudice; the claims against defendant Jorge Montes in his individual capacity are dismissed with prejudice; the claims for damages against the defendants in their official capacities are dismissed with prejudice; the claims for injunctive relief against defendants Walker, Montgomery and Reinhart in their official capacities are not dismissed; the claim for injunctive relief against defendant Montes in his official capacity is dismissed without prejudice.

The parties shall report for a status hearing on Thursday, May 14, 2009, at 11:00 a.m. This matter shall be dismissed for want of prosecution if plaintiffs' counsel fails to appear at the May 14, 2009, status hearing. Otherwise, and in the event the plaintiffs intend to file amended claims against defendants Walker, Montgomery and Reinhart in their individual capacities or Montes in his official capacity, the court shall set a date by which any amended complaint shall be filed.

■[ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

The plaintiffs are convicted sexual offenders. They have sued three officials of the Illinois State Department of Corrections—director Roger Walker, deputy director Jesse Montgomery, and chief of staff James Reinhart—as well as Illinois Prisoner Review Board chairman Jorge Montes. In their amended complaint they allege that the defendants, in both their official and individual capacities, refused to release them after they completed their terms of incarceration even though, by statute, they were entitled to mandatory supervised release (commonly called parole). The plaintiffs assert that the defendants' conduct violated the Due Process and Equal Protection clauses of the U.S. Constitution, *see* 42 U.S.C. § 1983, for which they seek both injunctive relief and money damages. Before the court is the defendants' motion to dismiss all of the claims against them.

As a threshold matter, upon the defendants' filing of the motion to dismiss, the court entered a briefing schedule under which the plaintiffs' response was due January 29, 2009. The plaintiffs then filed three motions to extend the date their response was due, each of which the court granted. In granting the most recent motion, the court extended the date for the response to April 3, 2009, and warned that the extension was final. Yet to date, the plaintiffs have not filed a response. Because the court previously warned the plaintiffs that no additional extensions would be granted, the court will rule on the pending motion to dismiss without the benefit of the plaintiffs' views.

# STATEMENT

## BACKGROUND

Under Illinois law, sex offenders who have completed their term of imprisonment may be released on parole if they meet certain conditions, including identifying a suitable "host site," usually the home of a family member or friend. Authority to set the conditions for release on parole, and to determine whether those conditions have been violated by a parolee, rests with the Prisoner Review Board. *See* 730 Ill. Comp. Stat. 5/3-3-1(a)(5) ("There shall be a Prisoner Review Board . . . which shall be . . . the authority for setting conditions for parole . . . and determining whether a violation of those conditions warrant revocation . . ."). According to the plaintiffs, the Department of Corrections has no authority to either set conditions or determine that a parolee has failed to meet or violated a condition.

The plaintiffs are all sex offenders who have completed their term of imprisonment. However, they allege that even though the Prisoner Review Board determined that each of them had identified a suitable host site, the Department of Corrections refused to release them. The plaintiffs describe the Department of Corrections' policy as the "turn around" policy, so-named because on the date they were ordered released on parole, a corrections officer would walk them to the prison gate but immediately cite them for violating the terms of their parole by not having a suitable host site and then return them to custody. The plaintiffs also allege a variation of the "turn around" policy, under which persons already released on parole would be cited for not having a suitable host site, be returned to Department of Corrections custody, but then be ordered released by the Prisoner Review Board after it confirmed that the host site had indeed been suitable.

## ANALYSIS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). While a complaint does not need detailed factual allegations, a plaintiff must provide the grounds of his entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court has identified two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*). Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Id.* at 569 n.14.

### *Individual Claims*

Defendant Montes moves to dismiss the claim against him in his individual capacity because the amended complaint fails to identify any conduct that he undertook individually. An individual capacity claim against a defendant succeeds only if the defendant directly participated in the deprivation of a plaintiff's constitutional rights. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The court has carefully reviewed the allegations of the amended complaint and agrees that the allegations against Montes do not involve any direct participation by Montes. In fact, Montes is mentioned only twice and, on each occassion, is merely identified as the chairman of the Prisoner Review Board. Because the amended complaint alleges no conduct by Montes, it fails to establish any plausible basis of liability against Montes in his individual capacity. *See Bell Atlantic*, 550 F.3d at 569 n.14.

## STATEMENT

This basis of dismissal applies with equal force to the individual claims against the remaining defendants. Although they are named more frequently than Montes, the allegations against them are premised on their roles as supervisors within the Department of Corrections. Nowhere have the plaintiffs alleged any direct role played by Walker, Montgomery, or Reinhart in the decisions to deny the plaintiffs parole.

Accordingly, the individual claims against Walker, Montgomery and Reinhart are dismissed without prejudice. The individual capacity claims against Montes are dismissed with prejudice because, as Montes argues as an alternative basis for dismissal, his duties as the chairman of the Prisoner Review Board are judicial in nature and he is therefore entitled to absolute immunity.[1] *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1443-44 (7th Cir. 1996) (members of the Prisoner Review Board are absolutely immune from suit for their decision to grant, deny, or revoke parole).

*Official Capacity Claims*

1. **Claims for Damages Against State Officials Barred Under the Eleventh Amendment and 42 U.S.C. § 1983**

A claim for damages against a state official in his official capacity is actually a claim against the state office itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office."). Such claims are therefore barred under the Eleventh Amendment, which prohibits damages claims against states from being litigated in federal court. *See Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 641 (7th Cir. 2006). Moreover, a state is not considered a "person" for purposes of § 1983, and for this additional reason states and state officials cannot be sued for damages under § 1983. *See Will*, 491 U.S. at 68.

Both the Illinois Department of Corrections and Prisoner Review Board are state offices. *See Gutierrez v. Peters*, 111 F.3d 1364, 1368 n.3 (7th Cir. 1997) (Illinois Department of Corrections); *Horton v. Marovich*, 925 F. Supp. 540, 544 (N.D. Ill. 1996) (Illinois Prisoner Review Board). Accordingly, the official capacity claims for damages against Walker, Montgomery, Reinhart and Montes are dismissed with prejudice under both the Eleventh Amendment and § 1983.[2]

2. **Claims for Injunctive Relief**

Neither the Eleventh Amendment nor § 1983 bars suits for prospective injunctive relief. *Will*, 491 U.S. at 71 n.10. Therefore the court will address the defendants' arguments in favor of dismissing the remaining claims, which are claims for injunctive relief against the defendants in their official capacities.

   a. **Mootness**

First, the defendants argue that the claims for injunctive relief of six of the eight plaintiffs should be dismissed because those plaintiffs have now been paroled, and therefore their claims are moot. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversey regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") However, a claim for injunctive relief is not mooted if the parties' dispute is "capable of repetition, yet evading review." *Protestant Mem'l Med. Ctr. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006).

According to the allegations of the amended complaint, even though the Prisoner Review Board deemed

plaintiff James Murdock's host site suitable on multiple occasions, the Department of Corrections repeatedly refused to release him. After he finally won release, he was taken back into Department of Corrections custody months later for lacking a suitable host site, only to be ordered released again by the Prisoner Review Board after it determined that his host site was indeed suitable. The amended complaint alleges that plaintiff Tonya Hoefke was subjected to a similar "revolving door" policy when she was released by the Department of Corrections on parole, taken back into Department of Corrections custody a short time later, and then eventually ordered released again by the Prisoner Review Board.

The plaintiffs' allegations stand in sharp contrast to the claim set forth in *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988), in which the Seventh Circuit declined to apply the "capable of repetition" doctrine where a previously released detainee had *not* alleged that he had been taken into custody more than once, and had *not* alleged that he would likely be taken into custody again in the future. Because the plaintiffs here describe a continuing effort by the defendants to return them to custody after being ordered released by the Prisoner Review Board, the allegations are not subject to dismissal for mootness under the "capable of repetition" doctrine.

      **b.**    **Failure to State a Claim**

           *i.*    *Official Capacity Claims Against Walker, Montgomery & Reinhart*

Next, the defendants argue that the remaining allegations should be dismissed for failure to state a claim. Specifically, they argue that according to the allegations of the amended complaint, each plaintiff lacked a suitable host site at the time the Department of Corrections revoked their parole. Therefore, the defendants argue, even under the plaintiffs' version of event, the defendants had a legitimate reason for revoking the plaintiffs' parole and the plaintiffs have, therefore, pleaded themselves out of court.

A plaintiff can plead himself out of court by alleging facts establishing that his claim cannot prevail. *See Cancer Found., Inc. v. Cerberus Capital Mgt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). The defendants contend that the plaintiffs pleaded themselves out of court by alleging a legitimate reason for revoking their parole: lack of a suitable host site. But the defendants' argument is unavailing. The amended complaint alleges only that lack of a suitable host site was the reason given for revoking the plaintiffs' parole, not that the reason was accurate. To the contrary, the plaintiffs allege that on each occasion when the Department of Corrections refused to release them, the Prisoner Review Board had determined that their host site was suitable.

Accordingly, the plaintiffs have not alleged that they lacked a suitable host site and, therefore, the defendants are not entitled to dismissal on the basis that the plaintiffs pleaded themselves out of court.

           *ii.*    *Official Capacity Claim Against Montes*

Finally, defendant Montes argues that the remaining claim against him should be dismissed because the allegations do not identify any wrongful conduct by the Prisoner Review Board. After carefully reviewing the amended complaint, the court agrees. According to the plaintiffs' allegations, the Prisoner Review Board repeatedly ordered them released on parole. The plaintiffs have therefore not plausibly suggested a basis for holding the Prisoner Review Board liable for refusing to release the plaintiffs. *See Bell Atlantic*, 550 F.3d at 569 n.14. Accordingly, the motion to dismiss the official capacity claim for injunctive relief against Montes is granted without prejudice.

STATEMENT

**CONCLUSION**

For the reasons stated, the motion to dismiss is granted in part and denied in part as follows: the claims against defendants Roger Walker, Jesse Montgomery, and James Reinhart in their individual capacities are dismissed without prejudice; the claims against defendant Jorge Montes in his individual capacity are dismissed with prejudice; the claims for damages against the defendants in their official capacities are dismissed with prejudice; the claims for injunctive relief against defendants Walker, Montgomery and Reinhart in their official capacities are not dismissed; the claim for injunctive relief against defendant Montes in his official capacity is dismissed without prejudice.

The parties shall report for a status hearing on Thursday, May 14, 2009, at 11:00 a.m. This matter shall be dismissed for want of prosecution if plaintiffs' counsel fails to appear at the May 14, 2009, status hearing. Otherwise, and in the event the plaintiffs intend to file amended claims against defendants Walker, Montgomery and Reinhart in their individual capacities or Montes in his official capacity, the court shall set a date by which any amended complaint shall be filed.

rs/cpb

1. However, Montes is not entitled to immunity from the official capacity claim against him, which is actually a claim against the Prisoner Review Board itself. *See Richman v. Sheahan*, 270 F.3d 430, 440 n.6 (7th Cir. 2001) (absolute immunity extends only to individual capacity claims, not official capacity claims).

2. The court notes that, surprisingly, the defendants did not raise these bases for dismissal, but the court is entitled to do so *sua sponte*. *See Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) (district court may dismiss on the basis of the Eleventh Amendment *sua sponte*); *Whitaker v. Northern Ill. Univ.*, No. 00 CV 50447, 2002 WL 992660, *1 (N.D. Ill. May 14, 2002) (dismissing state entity for lack of personhood under § 1983 *sua sponte*).