**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES V. MURDOCK, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 08 C 1142 |
| ) | The Honorable Blanche M. |
| ) | Manning |
| ROGER E. WALKER, et al., ) | |
| ) | Magistrate Judge Michael |
| ) | Mason |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COME Defendants, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and hereby file their Reply In Support Of Their Motion To Dismiss Plaintiffs' Second Amended Complaint, and in support thereof, state as follows:

**PLAINTIFFS HAVE NOT STATED A CAUSE**
**OF ACTION AGAINST DEFENDANTS**

Plaintiffs begin their Response by misstating the pleading standards required under Federal rule of Civil Procedure No. 8. In **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949 (2009), the Supreme Court held that while the pleading standard of Federal Rule of Civil Procedure No. 8 does not require detailed factual allegations, it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 129 S.Ct. at 1949. Pleadings which present labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." **Id.** A complaint is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." **Id.** "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." **Id.** In order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter "which states a claim for relief that is plausible on its face." **Id.** "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." **Ashcroft v. Iqbal**, 129 S.Ct. at 1950.

Plaintiffs have not sufficiently alleged facts to support their claims against Defendants. Governmental officials cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered a constitutional deprivation as a result of an official custom, policy, or practice. **Monell v Department of Social Services of the City of New York**, 436 U.S. 658, 691 (1978). While proof of personal involvement is not necessary in an official capacity suit, the claimant must still allege facts sufficient to establish that the Defendants acted under a governmental custom or policy that violated the plaintiff's rights. **Wolf-Lillie v. Sonquist**, 699 F.2d 864 , 870 (7th Cir., 1983). At least some causal connection or affirmative link between the action complained about and the official sued is necessary. **Wolf-Lillie v. Sonquist**, 699 F.2d at 869. In this case, Plaintiffs make purely conclusory allegations that Defendants have implemented a policy, or encouraged others to implement a policy, that violates Plaintiffs' constitutional rights. Plaintiffs fail to allege sufficient facts to show that these Defendants were responsible for instituting any such policy, nor for enforcing said policy. Plaintiffs allege no facts to define just what is included in this alleged policy, and specifically how it deprived Plaintiffs of a constitutional right. Therefore, pursuant to **Ashcroft v. Iqbal**, Plaintiffs have failed to properly and sufficiently allege a deprivation of any Constitutional right by these Defendants, and should be dismissed.

## **PLAINTIFFS' COMPLAINT IS MOOT**

In their Motion to Dismiss, Defendants argue that in order to invoke the jurisdiction of the federal court, there must be a live case or controversy, a constitutional requirement of Article III. **Swann v. Charlotte-Mecklenburg Bd. of Educ.** When seeking *injunctive or declaratory* relief, a plaintiff must establish that he is in "immediate danger of sustaining some direct injury." **Feit v. Ward**, 886 F.2d 848, 857 (7th Cir. 1989). In this case, all eight Plaintiffs have been released from custody, and are no longer subject to parole, or mandatory supervised release. They are not currently subject to supervision by the Defendants, nor by the Illinois Department of Corrections and will not be in the future. Therefore, their claims for equitable relief are moot.

Plaintiffs cite **Payton v. County of Kane**, 308 F.3d 673 (7th Cir., 2002), **Sosna v. Iowa**, 419 U.S. 393, 95 S.Ct. 553 (1975), and **Gerstein v. Pugh**, 420 U.S. 103, 95 S.Ct. 854 (1975) for the proposition that as long as a plaintiff files a suit while he was suffering from a constitutional violation, the action is not moot, even when the violation is no longer extant. **Payton v. County of Kane**, 308 F.3d at 677, **Sosna v. Iowa**, 419 U.S. at 400, **Gerstein v. Pugh**, 420 U.S. at 105. However, these decisions are distinguishable from the case at bar, as they do not involve injunctive or declaratory relief. In this case, Plaintiffs have asked for a preliminary injunction against the so-called "turn around policy," as well as a declaration that said policy violates a prisoners constitutional rights.

In **Robinson v. City of Chicago**, 868 F.2d 959 (7th Cir., 1989), the plaintiffs brought suit against the Chicago Police Department's investigatory detention policy, and sought an injunction and declaratory judgment. **Robinson v. City of Chicago**, 868 F.2d, at 960. The Court ruled that because the plaintiffs were no longer suffering the alleged

3

violation, equitable relief in the form of an injunction and declaratory judgment were not available. The Court stated, "[p]laintiffs have not alleged that they are in immediate danger of again being directly injured by the same official conduct challenged as unconstitutional and here, there is no reasonable likelihood that named plaintiff's expired claims will recur. The plaintiffs cannot show irreparable injury precisely because they cannot show a real or immediate threat that they will be wronged again." **Robinson v. City of Chicago**, 868 F.2d, at 967.

Plaintiffs cite **United States Parole Commission v. Geraghty**, 445 U.S. 388 (1980) and **County of Riverside v. Mc Laughlin**, 500 U.S. 44 (1991) for the proposition that injunctive relief is available even after a plaintiff is no longer suffering from the alleged constitutional deprivation. However, these cases are distinguishable from the case *sub judice*. In both of those cases, the members of a class action had been joined. As the **County of Riverside** Court stated, "[i]t is true, of course, that the claims of the named plaintiffs have since been rendered moot; eventually, they either received probable cause determinations or were released. Our cases leave no doubt, however, that *by obtaining class certification*, plaintiffs preserved the merits of the controversy for our review." **County of Riverside v. Mc Laughlin**, 500 U.S. at 51. (Emphasis Added). In this case there has been no class certification, nor have members of a class even been joined. Therefore, the claims by the Plaintiffs have been mooted, and there is no unnamed class member to preserve the cause of action.

Plaintiffs are no longer subject to parole, or mandatory supervised release, and have not alleged that they are in immediate danger of being directly injured by the "turn around policy." Further, no class action has been certified or even joined to preserve the

cause of action. Therefore Plaintiffs' Second Amended Complaint should be dismissed as moot.

WHEREFORE, based on the foregoing, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants move this Honorable Court to dismiss Plaintiffs' Second Amended Complaint against Defendants with prejudice.

LISA MADIGAN
Attorney General of Illinois

Respectfully Submitted,

s/ Christopher E. Walter

CHRISTOPHER E. WALTER
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4416