# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1142 | **DATE** | August 6, 2010 |
| **CASE TITLE** | *Murdock v. Walker* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss [74-1] the plaintiffs' Second Amended Complaint is granted in part and denied in part as follows: all of the official capacity claims are dismissed with prejudice, but the individual capacity claims are not dismissed. The court notes that the parties never complied with its June 5, 2008, order to file a joint, proposed discovery scheduling plan. Accordingly, the parties are directed to file such a plan no later than August 19, 2010. The parties shall report for a status hearing on September 30, 2010, at 11:00 a.m.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

The eight named plaintiffs in this putative class action case are convicted sexual offenders. They have alleged that the defendants refused to release them after they completed their terms of incarceration even though, by statute, they were entitled to mandatory supervised release (commonly called parole). The plaintiffs assert that the defendants' conduct violated the Due Process and Equal Protection clauses of the U.S. Constitution, *see* 42 U.S.C. § 1983, for which they seek a declaratory judgment that the defendants' practice violated their rights, an injunction to end the practice, and money damages for their injuries.

The court detailed the defendants' policy as alleged by the plaintiffs in its April 30, 2009, order on a previously-filed motion to dismiss. In short, the plaintiffs allege that even after the Prisoner Review Board had determined that each of them had a suitable host site and was therefore eligible for release following their term of incarceration, the defendants refused to release them. The plaintiffs describe the defendants' policy against releasing them as the "turn-around" policy, so-named because on the date they were ordered released on parole, a corrections officer would walk them to the prison gate but immediately cite them for violating the terms of their parole by not having a suitable host site and then return them to custody.

The defendants have moved to dismiss the Second Amended Complaint in its entirety. In support, they make the following arguments: (1) the plaintiffs' claims must be dismissed as moot because each of the plaintiffs have been discharged from any obligation to the Illinois Department of Corrections and, therefore, no longer present a live controversy; and, alternatively, (2) the claims must be dismissed because the plaintiffs' allegations do not satisfy the requirements of notice pleading under Federal Rule of Civil Procedure 8.

## STATEMENT

1. **Mootness**

First, the defendants contend that the plaintiffs' claims are moot because "all eight Plaintiffs have been discharged from the Illinois Department of Corrections in their entirety and are no longer subject to parole or mandatory supervisory release, and are no longer subject to any supervision by the IDOC or any of the defendants," a representation the plaintiffs do not dispute.[1] Memorandum [74-1] at 2. According to the defendants, because the Department of Corrections can no longer subject the plaintiffs to its turn-around policy, "there can be no ground that would justify the entry of any preliminary or permanent injunctive relief against the defendants." *Id.* at 6.

Under the mootness doctrine, a case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980). The plaintiffs do not dispute that they are no longer subject to the turn-around policy. However, they assert that because they brought their claims for injunctive relief as putative class claims, the claims fall within the relation back exception to the mootness doctrine. Under the relation back exception, putative class claims are not subject to dismissal as moot if (1) the named plaintiffs have filed a motion for class certification, (2) their claims are not certain to remain live long enough for class certification to be granted, and (3) there will be a "constant class of persons suffering the deprivation complained of in the complaint." *Olson v. Brown*, 594 F.3d 577, 580, 582 (7th Cir. 2010).

The plaintiffs' claims for injunctive relief do not fall under the relation back exception to the mootness doctrine because the plaintiffs failed to file a motion for class certification before each of their individual claims became moot. *See id.* (relation back exception does not apply where a "plaintiff knew that his cause of action would soon become moot but chose not to file for class certification") (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184-85 (7th Cir. 1984)). Accordingly, the motion to dismiss the plaintiffs' claims for injunctive relief as moot is granted, and the claims are dismissed with prejudice.

Although the defendants sought dismissal of the entire complaint on the basis of mootness, their brief addressed only the plaintiffs' requests for injunctive relief. The brief failed to address the plaintiffs' claims for money damages against the defendants sued in their individual capacities, or to present any argument as to why those claims should be dismissed as moot. Accordingly, the court will not address the claims for money damages further except to note that those claims are not dismissed.

2. **Failure to Meet the Requirements of Notice Pleading**

Next, the defendants move to dismiss the plaintiffs' claims for failure to meet the notice pleading requirements under Federal Rule of Civil Procedure 8. However, their arguments in support of dismissal address only the official capacity claims against the defendants, not the individual claims. Because the court has already dismissed all claims for injunctive relief, it necessarily dismissed all official capacity claims, as the only relief available for such claims is injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (claims against state officials in their official capacity are actually claims against the state and therefore, under the Eleventh Amendment, money damages are prohibited and only injunctive relief may be granted).

Accordingly, the court need not address the defendants' alternative argument that the plaintiffs' official capacity claims have failed to meet the requirements of notice pleading.

**STATEMENT**

**CONCLUSION**

For the reasons stated, the defendants' motion to dismiss [74-1] the plaintiffs' Second Amended Complaint is granted in part and denied in part as follows: all of the official capacity claims are dismissed with prejudice, but the individual capacity claims are not dismissed.

rs/cpb

1. Because the court can take judicial notice of the plaintiffs' status with the Illinois Department of Corrections, it need not convert this motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).